590 S.E.2d 30

Doris Stieglitz **WARD**, individually and on behalf of all others similarly situated, **Appellants**,

v.

**STATE** of South Carolina, **Respondent**.

No. 25758.

Supreme Court of South Carolina.

Heard Sept. 25, 2003.

Decided Dec. 8, 2003.

---

A. Camden Lewis, of Lewis, Babcock & Hawkins, LLP; John M.S. Hoefer and Paige Jones Gossett, of Willoughby & Hoefer, PA, all of Columbia, for appellants.

Vance J. Bettis and Shahin Vafai, of Gignilliat, Savitz & Bettis, L.L.P., of Columbia, for respondent.

Justice BURNETT:

Appellant Doris Stieglitz Ward brings this direct appeal on behalf of a class of federal retirees challenging the circuit court's decision upholding the constitutionality of Act 189, 1989 Acts 623 (Act 189). Federal retirees claim that South Carolina discriminates in taxation between state and federal retirees in violation of the federal constitutional and statutory intergovernmental tax immunity doctrine. For the following reasons, we affirm the judgment of the circuit court.

## ISSUE

Did the circuit court err in holding that Act 189 does not violate the intergovernmental tax immunity doctrine now codified in 4 U.S.C. § 111 (1997)[1] and is therefore constitutional?

## DISCUSSION

Statutes are to be construed in favor of constitutionality, and this Court will presume a legislative act is constitutional, unless its repugnance to the Constitution is clear and beyond a reasonable doubt. *Main v. Thomason,* 342 S.C. 79, 86, 535 S.E.2d 918, 921 (2000).

The South Carolina General Assembly enacted Act 189 to comply with the United States Supreme Court decision in

---

1. That Section provides in relevant part, "The United States consents to the taxation of pay or compensation for personal service as an officer or employee of the United States ... by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation."

*Davis v. Michigan Dept't of Treasury,* 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). In *Davis,* the Supreme Court held that the Michigan Income Tax Act violated the doctrine of intergovernmental tax immunity by favoring retired state and local government employees over retired federal employees. The Michigan statute exempted retirement benefits paid by state and local governments from state income taxes without exempting retirement benefits paid by the federal government from state income taxes. The Supreme Court stated, "It is undisputed that Michigan's tax system discriminates in favor of retired state employees and against retired federal employees." *Id.* at 814, 109 S.Ct. at 1507, 103 L.Ed.2d at 904.

To resolve the unconstitutional taxation provision, the Supreme Court declared that a mandate of "equal treatment" would remedy the constitutional infirmity in the Michigan statute. The Supreme Court stated:

[A]ppellant's claim could be resolved either by extending the tax exemption to retired federal employees (or to all retired employees), or by eliminating the exemption for retired state and local government employees. * * * [T]he Michigan courts are in the best position to determine how to comply with the mandate of equal treatment.

*Id.* at 818, 109 S.Ct. at 1509, 103 L.Ed.2d at 907.

Prior to *Davis,* South Carolina exempted all state retirement benefits from income taxation, but only exempted the first $3,000 of federal retirement benefits. Act 189, § 39 repealed the tax exemption for state retirement benefits, thereby rendering all federal and state retirement benefits in excess of $3,000 taxable. In addition to repealing the tax exemption, the General Assembly simultaneously increased retirement benefits for state and local retirees by 7%. Act 189, § 60. This increase in benefits is provided to all state retirees, regardless of their tax liability. The State does not dispute that the General Assembly increased retirement benefits to compensate state retirees, in part, for their increased income tax obligations resulting from the enactment of Act 189.

Federal retirees contend that Act 189 is unconstitutional because the State continues to discriminate against

federal retirees by increasing the pension benefits paid to state and local retirees in an effort to offset the increased tax liability resulting from the exemption. In other words, federal retirees argue that the State has indirectly recast the pre-*Davis* discriminatory exemption through the 7% increase in benefits for state retirees. We disagree. For the following reasons, we conclude Act 189 is not, in effect, a "tax rebate" that implicates the intergovernmental tax immunity doctrine.

First, the doctrine of intergovernmental tax immunity does not deprive a state of its sovereignty to establish the level of its employees' compensation as long as the State does not discriminate in taxation based on the source of the income. The Tenth Amendment provides, "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively or to the people." U.S. Const. amend X. To determine if a statute violates the Tenth Amendment, we must first determine whether the regulation it embodies is within those enumerated in the Constitution. Second, we must determine whether the regulation employed impermissibly infringes upon state sovereignty. *United States v. Johnson,* 114 F.3d 476, 480 (4th Cir.1997) *referring to New York v. United States,* 505 U.S. 144, 156, 112 S.Ct. 2408, 2418, 120 L.Ed.2d 120, 137 (1992). The power to compensate state retirees is clearly not delegated to the United States by the Constitution. As long as federal and state retirees are taxed equally, any restriction on this authority would violate the Tenth Amendment.

Second, in enacting Act 189, the General Assembly specifically followed the dictate of *Davis* by eliminating the tax exemption for both state and federal employees. In doing so, the General Assembly was guided by the remedies suggested by the Supreme Court. In direct response to *Davis,* the General Assembly amended South Carolina's tax statute to remove the tax exemption for state retirees. Act 189 conformed South Carolina to the requirements of the *Davis* decision.

Federal retirees argue the "indisputable linkage" between the increase in compensation and the tax exemption renders Act 189 unconstitutional under *Davis.* They argue that the Court must consider substance over form in evaluating the

constitutionality of Act 189. *See West Lynn Creamery, Inc. v. Healy*, 512 U.S. 186, 201, 114 S.Ct. 2205, 2215, 129 L.Ed.2d 157, 171 (1994)(holding in a dormant Commerce Clause case, that it is not the form by which a state discriminates, but whether the means employed will result in discrimination). We do not believe *Davis* holds, or otherwise implies, that states may only raise retirement benefits for its state's retirees if the pension increase in no way serves to offset a prior tax exemption. Even if the elimination of the tax exemption for state retirees and the simultaneous increase in benefits are read together, the doctrine of intergovernmental tax immunity is not violated. South Carolina has specifically followed the remedy prescribed by *Davis*. Therefore, federal retirees' argument is unavailing.

Third, neither *Davis* nor 4 U.S.C. § 111 prohibit the State from contracting with its retirees on the level of compensation paid to its retirees. The intergovernmental tax immunity doctrine serves to protect each sovereign's governmental operations from undue interference from the other. *Davis*, 489 U.S. at 814, 109 S.Ct. at 1507, 103 L.Ed.2d at 904. *Davis* does not hold, nor does it even suggest, that a state is prohibited from adjusting the compensation of its employees, even if the state's purpose is to compensate its employees for the loss of the income tax exemption. A state is entitled to raise the level of taxable compensation of its employees if it so chooses. *Davis* requires that the state *tax* federal and state retirees equally and does not concern itself with the manner in which a state chooses to *compensate* its retirees.

The Supreme Court implicitly recognized that a state's response to the Court's decision could be to increase compensation to state retirees to offset what those retirees lost in benefits as a result of being taxed. In his dissenting opinion, Justice Stevens stated:

> Even if it were appropriate to determine the discriminatory nature of a tax system by comparing the treatment of federal employees with the treatment of another discrete group of persons, it is peculiarly inappropriate to focus solely on the treatment of state governmental employees. *The state may always compensate in pay or salary for what it assesses in taxes.* Thus a special tax imposed only on

federal and state employees nonetheless may reflect the type of disparate treatment that the intergovernmental tax immunity forbids because of the ability of the State to adjust any special tax burden on them ... It trivializes the Supremacy Clause to interpret it as prohibiting the States from providing through this limited tax exemption *what the state has an unquestionable right to provide through increased retirement benefits.*

489 U.S. at 824, 109 S.Ct. at 1512, 103 L.Ed.2d at 910–911. (emphasis added).

Although the majority disagreed with the first sentence in the above passage, they took no issue with a state's ability to lawfully increase the benefits paid to state retirees to offset the effect of the Court's holding. South Carolina's increase is the type of response to *Davis* specifically contemplated by the Supreme Court. The doctrine of intergovernmental tax immunity does not apply because there is no discrimination in taxation on account of the source of compensation.

Fourth, we find no direct correlation between state retirees' state tax obligations and the amount of increased retirement benefits. All eligible state retirees receive the 7% increase in retirement benefits. Act 189 resulted in an increase in compensation for state retirees, and was not a dollar for dollar offset. Moreover, the increased benefits are subject to both state and federal taxation. In *Davis*, the majority stated, "[t]axes enacted to reduce the State's employment costs at the expense of the federal treasury are the type of discriminatory legislation that the doctrine of intergovernmental tax immunity is intended to bar." *Davis*, 489 U.S. at 815, 109 S.Ct. at 1507, 103 L.Ed.2d at 905. The General Assembly's increase in retirement actually increased the employment costs for South Carolina, while simultaneously bolstering the federal treasury.

Federal retirees rely on *Sheehy v. Public Employees Retirement Div.*, 262 Mont. 129, 864 P.2d 762 (1993) and *Vogl v. Dep't of Revenue*, 327 Or. 193, 960 P.2d 373 (1998). In *Sheehy*, federal retirees challenged Montana's 1991 statute enacted in response to *Davis*. Before *Davis*, Montana, like South Carolina, taxed federal retirement benefits but exempted state retirement benefits. The Montana statute restructured the income tax on pension benefits by equalizing the taxation of all pension benefits. In the same act, the Montana

legislature granted to state retirees who were Montana residents, and who were now to be taxed in response to *Davis,* an annual retirement adjustment payment. *Sheehy,* 864 P.2d at 764. The Montana Supreme Court held that the Montana statute violated the intergovernmental tax immunity provision of 4 U.S.C. § 111. The court stated,

> It is clear that the adjustment is not an actual and legitimate pension or retirement benefit. If it were a pension benefit, the State would have provided it to all of its retirees in recognition of their years of public service rather than just those living in Montana. There was no need to do so because the sole purpose of the adjustment was to partially recompense state retirees living in Montana for the tax they must pay under the equalizing provisions of [the Montana law].

864 P.2d at 768.

Federal retirees argue that South Carolina's Act 189, like the Montana statute, constitutes discriminatory taxation in violation of intergovernmental tax immunity principles. We disagree. In reaching their decision, the Montana Supreme Court relied heavily on the fact the adjustment was provided only to state retirees who are Montana residents. South Carolina's statute is distinguishable. Act 189 provides the increase to all state retirees, regardless of their domicile.

The Oregon statute considered by the Oregon Supreme Court in *Vogl* is also distinguishable from Act 189. The 1995 Oregon statute explicitly stated that its purpose was to compensate for damages. Furthermore, the benefit increases under the 1995 statute were mathematically correlated to replace the lost state retirement income. South Carolina's General Assembly did not tie the pension benefit increase, dollar for dollar, to the lost tax exemption, nor did it declare that Act 189 was designed to compensate state retirees for damages. South Carolina's Act 189 is analogous to the 1991 statute considered by the Oregon Supreme Court in *Ragsdale v. Dep't of Revenue,* 321 Or. 216, 895 P.2d 1348 (1995). In 1991, the Oregon legislature repealed the tax exemption for state retirees and simultaneously increased the benefits for state retirees.[2] Like Act 189, Oregon's 1991 act provided no

---

2. A Virginia statute, recently considered by a Virginia circuit court, is also similar to Act 189. In *Almeter v. Virginia Department of Taxation,*

direct correlation between the increase in benefits for state retirees and their tax obligations. *Id.* at 1350.

Federal retirees have failed to show beyond a reasonable doubt that Act 189 is clearly repugnant to the Constitution. Accordingly, we affirm.

**AFFIRMED.**

WALLER, A.C.J., and Acting Justices H. SAMUEL STILWELL, WILLIAM L. HOWARD and J. MARK HAYES, concur.

2000 WL 1687589 (Va. Cir. Ct. Nov.6, 2000), *petition denied, cert. denied,* 534 U.S. 889, 122 S.Ct. 202, 151 L.Ed.2d 143 (2001), federal retirees brought a class action seeking a refund of state income taxes that they alleged were illegally collected from them following that state's 3% increase in retirement benefits for its state's retirees. Like the present case, federal retirees alleged that the 3% increase was designed to offset the new tax liability incurred by state retirees and therefore violated the intergovernmental tax immunity doctrine. The Virginia circuit court dismissed the federal retirees' claims in holding that the increase in benefits was a remedy specifically envisioned by the Supreme Court in *Davis.*